**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **NORMAN JAY CLARK, #635137,** ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **3:08-CV-2296-N** |
| ) | |
| **NATHANIEL QUARTERMAN, Director** ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| **Respondent.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in

implementation thereof, this cause has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for a writ of habeas corpus brought by a state

inmate pursuant to 28 U.S.C. § 2254.

Parties:  At the time of filing this action, Petitioner was incarcerated within the Texas

Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID).  His

whereabouts are presently unknown.  Respondent is the Director of the TDCJ-CID.  No process

has been issued in this case.

Findings and Conclusions:  On January 6, 2009, the court issued a notice of deficiency

and order to Petitioner, requiring him to submit a certified statement of the balance in his inmate

trust account for the six-month period preceding the filing of the petition.  The order cautioned

Petitioner that failure to cure the deficiency would result in the dismissal of his petition for failure to prosecute. On January 21, 2009, the deficiency order was returned to the court with the notation return to sender, discharged. Apparently Petitioner was discharged from custody between the date on which he filed his petition and the date on which the magistrate judge's order was returned as being undeliverable. As of the date of this recommendation, Petitioner has neither notified the court of his current address, nor complied with the deficiency order.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has failed to keep the court apprised of his changed address. The court is not required to delay disposition in this case until such time as Plaintiff provides his current address. Therefore, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DISMISS the petition

without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and

DENY the motion to proceed *in forma pauperis* as moot.

A copy of this recommendation will be mailed to Petitioner at the address shown on the

docket sheet.

Signed this 9th day of February, 2009.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE




<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)
(*en banc*), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten-day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of
plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions
of law accepted by the district court.